**THE LAW OFFICE OF**
**ELISA HYMAN, P.C.**

MEMO ENDORSED

September 19, 2024

*VIA ECF*
Hon. Gary Stein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:  *M.R., et al., v. N.Y.C. Dep't of Educ. et al.,* 23-cv-9778 (JHR)(GS)

Dear Judge Stein:

    The parties are writing jointly with respect to Your Honor's August 14, 2024 order (ECF No. 22) ("August 24 Order"). The parties assert that there are "compelling circumstances" as per the August 2024 Order for granting the parties one further adjournment to submit the ICMC. As discussed below, since our last letter, the parties have narrowed the scope of our potential dispute concerning services for the child to the amount of $13, 205.00.  While we have not yet started to negotiate fees, my firm has never had to engage in fee motion practice once we have settled the substantive issues and the parties do not believe that fees would be a barrier to settlement.

    We hope that providing additional details of the status will help to convince Your Honor that additional time for settlement will be fruitful, particularly if we involve the Court in any impasse as proposed below.

    This case was originally filed because the Plaintiff (a parent of a student with a disability that has since graduated) claimed that the New York City Department of Education ("DOE") had not implemented aspects of an administrative hearing decision issued on behalf of her son in August of 2020 ("2020 Decision"). The 2020 Decision directed that various compensatory tutoring, speech therapy, executive functioning support be provided or funded and also ordered the parent be reimbursed in the amount of $10,280.00 for education-related expenses.

    The parties have been able to resolve two of four outstanding implementation items in the 2020 Decision. First, the DOE was supposed to calculate a bank of additional compensatory hours equal to hours that the student should have received under 20 U.S.C.§ 1415(j) (the IDEA's stay-put provisions) less the number of hours that he did receive.  The parties have now agreed upon a number of hours allocated for that bank as follows: 534.92 of 1:1 teacher services and 180 sessions of speech therapy. Second, the DOE has now paid an outstanding invoice of hours owed to a tutor as of the time we filed the case. As noted above, the remaining issues involve an amount of  $13, 205.00 that my client asserts that she is owed. While objectively this is not a significant amount of money, it is very important to my client, as her family is in a financially challenging situation and has two children in college (including the student at issue).

  Without burdening the Court with details, as to the $10,280, the order is clear that the DOE is to reimburse the parent, but the parties may have to resolve a dispute as to whether the parent must submit additional documentation beyond the terms of the 2020 Decision to be paid and she may not have access to such records. The parties would like some additional time to see if we can work this out. As for the remaining amount, it was spent on a tutoring program that billed by the semester (rather than by the hour), which the DOE's implementation unit often refuses to fund. Plaintiff obtained additional documents, and she would like to submit them to determine whether the issue can be resolved.

  Given the amount at issue and the relatively narrow scope of the potential dispute at this time, rather than start discovery (which will increase costs and use the Court's resources), the parties are respectfully requesting that we have additional time to try to resolve these issues. We propose to submit a status letter in three weeks on October 10, 2024. If we cannot resolve the issues by that time, we will request an attorney's only settlement call with Your Honor to determine if the Court can assist the parties to reach the finish line. Even if we must litigate, we believe we can significantly narrow the scope of issues if we had some additional time.

  In the interim, Plaintiff's counsel will submit her attorney's fees records to the DOE in the hope that we can move other aspects of the process forward. If, however, the Court does not grant the parties' request for a third extension for 30 days to submit the ICMC, the parties respectfully request a short extension until September 24, 2024 to submit the ICMC.

  Thank you for Your Honor's consideration of this matter.

                    Respectfully submitted,

                     _____
                     Elisa Hyman, Esq.

Cc: Counsel of record

The Court finds compelling circumstances to adjourn the Initial Case Management Conference ("ICMC") one last time. Contrary to counsel's proposed next steps, October 10, 2024 shall be the deadline to submit a proposed case management plan, and the ICMC is rescheduled to October 17, 2024 at 4:00 P.M.

The Clerk of Court is respectfully directed to close Docket Number 24.

SO ORDERED.

Dated: September 20, 2024
New York, New York

        *Gary Stein* (signature)
        Gary Stein
      United States Magistate Judge
      Southern District of New York